**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYED AHMAD** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:23-0754** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 334th District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

## I. PROCEDURAL BACKGROUND

1. On January 24, 2023, Plaintiff filed this action against State Farm in the 334th District Court in Harris County, Texas. The state court cause number is 2023-04522 ("State Court Action"). State Farm was served on January 30, 2023 and filed its answer on February 17, 2023. In Plaintiff's Original Petition ("Original Petition"), Plaintiff states he "seeks monetary relief over $250,000, but not more than $1,000,000…." *Plaintiff's Original Petition at* ¶72. The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2. In accordance with 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 334th District Court in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3. Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to him in accordance with a Homeowner Policy for damage to their home caused by a storm that occurred on or about November 28, 2020. *Plaintiff's Original Petition at* ¶9. Plaintiff asserts causes of action for breach of contract and for violations of the Texas Insurance Code, DTPA, breach of the duty of good faith and fair dealing, and fraud. *Id.* at ¶¶ 6, 39-60. As addressed in further detail below, State Farm now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
## BASIS OF REMOVAL

4. The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5. First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, resident of Harris County, Texas. *Plaintiff's Original Petition at ¶2.* State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d

877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. *See Affidavit of Weslie Sawyer attached as Exhibit B*. Accordingly, State Farm is not a citizen of the State of Texas.

6. Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim. *See Plaintiff's Original Petition at* ¶¶ 6-29. Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000. *See id. at* ¶72. Plaintiff further alleges that damages to the property exceed $55,401.50, and seeks treble damages under the DTPA and Texas Insurance Code; statutory interest; mental anguish damages; pre-judgment interest; attorneys' fees and exemplary damages. *Id.* at ¶¶ 19, 63-72. *See Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy"); *Hamilton v. Mike Bloomberg 2020, Inc.*, 474 F. Supp. 3d 836, 843 (N.D. Tex. 2020) (allegation of compensatory damages, punitive damages, and attorneys' fees bound court to hold that "it is more likely than not that the amount in controversy here exceeds the sum or value of $75,000.00, exclusive of interests or costs.").

## IV.
## REMOVAL PROCEDURES

7. On January 24, 2023, Plaintiff filed this case against State Farm in the 334th District Court of Harris County, Texas. State Farm was served on January 30, 2023. State Farm filed its Answer on February 17, 2023. This Notice of Removal is being timely filed on March 1, 2023.

Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8. The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. 28 U.S.C. § 1441(a). Harris County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

9. All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed. In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County Clerk's Office and served on the Plaintiff.

10. A jury trial was requested in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## PRAYER

11. State Farm respectfully requests that the above-styled action now pending in in the 334th District Court of Harris County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: Rachel Crutchfield
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**ATTORNEY FOR DEFENDANT, STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rcrutchfield@germer.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 1st day of March, 2023.

Chad T. Wilson **VIA CM/ECF**
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
eservice@cwilsonlaw.com

Rachel Crutchfield

**RACHEL CRUTCHFIELD**

**INDEX OF DOCUMENTS FILED**
**WITH REMOVAL ACTION**

**SYED AHMAD V. STATE FARM LLOYDS**

(A) Plaintiff's Original Petition

(B) Affidavit of Weslie Sawyer

(C) Citation

(D) Answer for Defendant State Farm Lloyds

(E) Jury Demand for Defendant State Farm Lloyds

(F) State Court Case Summary/Docket Sheet

(G) List of Attorneys/Parties

1/24/2023 12:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72083721
By: Wanda Chambers
Filed: 1/24/2023 12:00 PM

CAUSE NO. ______________________

| | | |
|---|---|---|
| SYED AHMAD, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| | § | |
| *Defendant.* | § | ______ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Syed Ahmad ("Plaintiff") and files this, Plaintiff's Original Petition and Jury Demand, complaining of State Farm Lloyds ("State Farm" or "Defendant") and for cause of action, Plaintiff respectfully shows the Court the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 2, pursuant to Texas Rules of Civil Procedure 190.3.

**PARTIES**

2. Plaintiff Syed Ahmad resides in Harris County, Texas.

3. Defendant State Farm Lloyds is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon State Farm, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.



Defendant's Exhibit
A
exhibitsticker.com

## JURISDICTION

4. The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for breach of contract, common law bad faith, fraud, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns a State Farm insurance policy, number 83-E3-U153-8 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 16606 Chalmette Park, Cypress, Texas 77429 ("the Property").

8. State Farm or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm represented to Plaintiff that the Policy included hail and windstorm coverage.

9. On or about November 28, 2020, the Property sustained extensive damage resulting from a severe storm that affected the Harris County area, including Cypress, Texas.

10. In the aftermath of the storm, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 53-14K4-61L to Plaintiff's claim.

11. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12. State Farm hired or assigned Matthew Bird ("Bird") to inspect and adjust the claim. Bird conducted an inspection on or about December 30, 2020, according to the information contained in his estimate. Bird's findings generated an estimate of damages totaling $2,004.78. After application of depreciation and the $8,880 deductible, Plaintiff was left without adequate funds to make any repairs on his claim.

13. State Farm next hired or assigned Allen Robertson ("Robertson") to re-inspect the Property and adjust the claim. Robertson conducted an inspection on or about January 18, 2021, according to the information contained in his estimate. Robertson's findings generated an estimate of damages totaling $2,203.00. After application of depreciation and the $8,880 deductible, Plaintiff was still left without adequate funds to make any repairs on his claim.

14. State Farm then had Robertson re-inspect the Property with Plaintiff's public adjuster on March 9, 2021. Robertson's findings from this re-inspection generated an updated estimate of damages now totaling $2,401.21. However, the amount of damages was still below deductible, and Plaintiff was still left without adequate funds to make any repairs on his claim.

15. State Farm issued a letter on March 9, 2021, providing a final claim determination. This letter indicated that wind damage was found to the Property, including to ridge cap shingles and field shingles on one slope of the roof. However, these damages did not exceed the deductible. State Farm also cited to numerous exclusions that purportedly applied to the loss.

16. State Farm either failed to conduct appropriate research into weather events occurring at the insured's location or ignored weather information which showed that the location was impacted by severe weather during the Policy period on or about the date of loss.

17. State Farm, through Bird and Robertson, conducted substandard and improper inspections of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

18. State Farm has ultimately refused full coverage which includes, but is not limited to, replacement of the roof, vents, flashings, windows, window screens, window shutters, fascia, gutters, and downspouts. The storm also compromised the integrity of the roof allowing water to enter, causing water damage to numerous rooms including the upstairs living room and two bedrooms. The third-party inspector hired to review the damage to the Property found storm damage that was completely absent from the field adjuster's estimate.

19. The damage to Plaintiff's Property is currently estimated at $55,401.5.

20. Bird and Robertson had a vested interest in undervaluing the claims assigned to them by State Farm in order to maintain their employment. The disparity between the lack of damage identified by State Farm's report compared to the report from the third-party inspector, as well as the difference in valuation of individual items, is evidence of unfair claims handling practices on the part of State Farm.

21. Furthermore, Bird and Robertson were aware of Plaintiff's deductible prior to inspecting the Property. Bird and Robertson had advanced knowledge of the damages that needed to be documented in order to be able to deny the claim.

22. Bird and Robertson both misrepresented the actual amount of damage Plaintiff's Property

sustained in addition to how much it would cost to repair the damage. Bird and Robertson made these misrepresentations as licensed Texas adjusters with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

23. After reviewing Plaintiff's Policy, Bird and Robertson misrepresented that the damage was caused by non-covered perils. Bird and Robertson used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

24. As stated above, State Farm, through its agents Bird and Robertson, improperly and unreasonably adjusted Plaintiff's claim. Without limitation, State Farm misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

25. State Farm, through its agents Bird and Robertson, made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by State Farm's agents.

26. Plaintiff relied on State Farm's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of his reliance on these misrepresentations.

27. Upon receipt of the inspection and estimate reports from Bird and Robertson, State Farm failed to assess the claim thoroughly. Based upon Bird's and Robertson's grossly

unreasonable, intentional, and reckless failures to investigate the claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiff suffered damages.

28. Because State Farm failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

29. Furthermore, State Farm, through its agents, Bird and Robertson, failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Bird and Robertson performed unreasonable and substandard inspections that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

30. State Farm's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between State Farm and Plaintiff.

31. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). State Farm has failed to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Specifically, State Farm has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

32. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). State Farm has failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

33. Additionally, after State Farm received statutory demand on or about November 16, 2022, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

34. State Farm's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Bird and Robertson performed biased and intentionally substandard inspections designed to allow State Farm to refuse to provide full coverage to Plaintiff under the Policy.

35. Specifically, State Farm performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

36. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Bird's and Robertson's subpar inspections, State Farm failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

37. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Bird's and Robertson's intentional undervaluation of Plaintiff's claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Bird's and

Robertson's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for his claim.

38. State Farm's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

### BREACH OF CONTRACT

39. All allegations and facts stated above are incorporated herein.

40. State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

41. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

42. All allegations and facts stated above are incorporated herein.

43. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

44. State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts

relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46. State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47. State Farm's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

48. All allegations and facts stated above are incorporated herein.

49. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

50. State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. All allegations and facts stated above are incorporated herein.

52. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

53. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

54. All allegations and facts stated above are incorporated herein.

55. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim; (2) failure to give Plaintiff the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. State Farm represented to Plaintiff that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. State Farm's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

56. Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

57. All allegations and facts stated above are incorporated herein.

58. State Farm is liable to Plaintiff for common-law fraud.

59. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and State Farm knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

60. State Farm made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

**KNOWLEDGE**

61. State Farm made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

**WAIVER AND ESTOPPEL**

62. State Farm waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

**DAMAGES**

63. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of State Farm's mishandling of Plaintiff's

claims in violation of the laws set forth above.

64. Plaintiff currently estimates that actual damages to the Property under the Policy are $55,401.5.

65. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of State Farm have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

66. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims and consequential damages, together with attorney's fees.

67. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

68. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus a statutory interest penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from State Farm's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the

amount State Farm owed, exemplary damages, and damages for emotional distress.

70. State Farm's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish State Farm for their wrongful conduct and to set an example to deter State Farm and others from committing similar acts in the future.

71. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

72. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

73. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff Syed Ahmad prays that Defendant State Farm Lloyds be cited and served to appear and that upon trial hereof Plaintiff recovers from Defendant such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show he is so justly entitled.

Dated: January 24, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*
Chad T. Wilson
Bar No. 24079587
Donald C. Green II
Bar No. 24086619
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kaitlyn Howe on behalf of Donald Green
Bar No. 24086619
khowe@cwilsonlaw.com
Envelope ID: 72083721
Status as of 1/24/2023 12:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 1/24/2023 12:00:11 PM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 1/24/2023 12:00:11 PM | SENT |
| Chad T. Wilson | | eservice@cwilsonlaw.com | 1/24/2023 12:00:11 PM | SENT |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYED AHMAD** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:23-cv-0754** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

**AFFIDAVIT OF WESLIE SAWYER**

This day appeared before me, the undersigned authority, WESLIE SAWYER, who after being duly sworn, deposed and stated as follows:

1. "My name is Weslie Sawyer. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7. On June 24, 2022, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 10, 2021 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Michele Celeste Russo replaced Annette Romero Martinez.

Defendant's Exhibit
B
exhibitsticker.com

The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson: Ms. Johnson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo: Ms. Russo is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8. At all times since the June 24, 2022 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

[signature]
WESLIE SAWYER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 16 day of February, 2023.

[signature]
Notary Public for the State of Illinois

OFFICIAL SEAL
KIRBY GAMSBY
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 5/5/26

CSC

**KSB / ALL**
**Transmittal Number: 26298793**
**Date Processed: 01/30/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number 3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Syed Ahmad vs. State Farm Lloyds |
| **Matter Name/ID:** | Syed Ahmad vs. State Farm Lloyds (13548446) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202304522 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/30/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Chad T. Wilson Law Firm PLLC<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Defendant's Exhibit
C
exhibitsticker.com

EML

**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 974782

Tracking Number: 74103337

CAUSE NUMBER: 202304522

| | |
|---|---|
| PLAINTIFF: AHMAD, SYED | In the 334th Judicial |
| vs. | District Court of |
| DEFENDANT: STATE FARM LLOYDS | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701-3218

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND.

This instrument was filed on January 24, 2023, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this January 25, 2023.

DISTRICT COURT OF HARRIS COUNTY TEXAS

Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
GREEN, DONALD C
455 E. MEDICAL CENTER BLVD. SUITE 555
WEBSTER, TX 77598
832-415-1432
Bar Number: 24086619

Tracking Number: 74103337

CAUSE NUMBER: 202304522

| | |
|---|---|
| PLAINTIFF: AHMAD, SYED | In the 334th |
| vs. | Judicial District Court |
| DEFENDANT: STATE FARM LLOYDS | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at ________o'clock _____. M., on the ________ day of ______________________________________, 20______.

Executed at (address) ________________________________________________________________________

in ______________ County

at _______ o'clock _____. M., on the ________ day of _____________________________________________________, 20 ______,

by delivering to ____________________________________________________ defendant, in person, a true copy of this

Citation together with the accompanying _______ copy(ies) of the _______________________________________________ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _________ day of ________________________________________, 20 _______.

FEE: $ _____________ ______________________________________________

________________ of ____________________

County, Texas

_____________________________________ By: ________________________________________

Affiant Deputy

On this day, __________________________________________________________, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this __________ of ______________________________________, 20 ______

________________________________________

Notary Public

2/17/2023 4:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72893238
By: Brittany Hall
Filed: 2/17/2023 4:22 PM

**CAUSE NO. 2023-04522**

| | | |
|---|---|---|
| **SYED AHMAD** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **334TH JUDICIAL DISTRICT** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant**, STATE FARM LLOYDS** (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

**1.** State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm requires Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

**2. Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.

**3. Payment.** State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the

Defendant's
Exhibit
D
exhibitsticker.com

Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

**4. Deductible/Offset.** State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

**5. Limit of Liability.** State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

**6. Failure of Policy Considerations/Conditions Precedent.** State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss."

**7. Pre-Existing Damages.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence.

**8. Normal Wear and Tear and Maintenance.** Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

**SECTION I – LOSSES NOT INSURED**

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   * * * * *

   g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
   h. corrosion, electrolysis, or rust;
   i. wet or dry rot;

k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings.

l. all animals, birds, or insects.

(1) This includes:

(a) nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;

(b) costs to remove animals, birds, or insects from returning to the property;

(c) costs to prevent the animals, birds, or insects from returning to the property;

* * * * *

m. pressure from or presence of tree, shrub, or plant roots.

**9. Bona Fide/Legitimate Dispute.** A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**10. No Waiver.** Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

**11. Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**12. Written Notice of Claim.** State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

**13. Chapter 542A.** State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply. State Farm Lloyds further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

**14. Statute of Limitations.** State Farm affirmatively pleads the defense of expiration of statute of limitations. Plaintiff's claims are barred by the applicable statute of limitations.

## III.
## RIGHT TO AMEND

**15.** State Farm reserves the right to amend this Original Answer pursuant to the Texas

Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **STATE FARM LLOYDS**, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: Rachel Crutchfield ______________________

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 17th of February, 2023.

Chad T. Wilson
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

**VIA E-FILE**

Rachel Crutchfield
**RACHEL CRUTCHFIELD**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 72893238
Status as of 2/17/2023 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 2/17/2023 4:22:25 PM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 2/17/2023 4:22:25 PM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 2/17/2023 4:22:25 PM | SENT |
| Rachel Crutchfield | | rcrutchfield@germer.com | 2/17/2023 4:22:25 PM | SENT |

2/17/2023 4:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 72893238
By: Brittany Hall
Filed: 2/17/2023 4:22 PM

**CAUSE NO. 2023-04522**

| | | |
|---|---|---|
| **SYED AHMAD** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **334TH JUDICIAL DISTRICT** |

**DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: Rachel Crutchfield

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**STATE FARM LLOYDS**

Defendant's Exhibit
E
exhibitsticker.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 17th of February, 2023.

Chad T. Wilson
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Ste. 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

**VIA E-FILE**

Rachel Crutchfield

**RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 72893238
Status as of 2/17/2023 4:25 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 2/17/2023 4:22:25 PM | SENT |
| Donald CGreen II | | dgreen@cwilsonlaw.com | 2/17/2023 4:22:25 PM | SENT |
| Kaitlyn Howe | | khowe@cwilsonlaw.com | 2/17/2023 4:22:25 PM | SENT |
| Rachel Crutchfield | | rcrutchfield@germer.com | 2/17/2023 4:22:25 PM | SENT |

Harris County Docket Sheet

# 2023-04522

**COURT:** 334th

**FILED DATE:** 1/24/2023

**CASE TYPE:** Debt/Contract - Consumer/DTPA

**AHMAD, SYED**

Attorney: GREEN, DONALD C

**vs.**

**STATE FARM LLOYDS**

Attorney: CRUTCHFIELD, RACHEL GREEN

Docket Sheet Entries

| Date | Comment |
|---|---|



Defendant's Exhibit

F

exhibitsticker.com

**LIST OF ATTORNEYS/PARTIES**
**SYED AHMAD V. STATE FARM LLOYDS**

1. Chad T. Wilson
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
(832) 415-1432 – Telephone
(281) 940-2137 – Facsimile
eservice@cwilsonlaw.com

*Attorneys for Plaintiff, Syed Ahmad*

2. Dale M. "Rett" Holidy
Rachel Crutchfield
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com
rcrutchfield@germer.com

*Attorneys for Defendant, State Farm Lloyds*

Defendant's Exhibit
G
exhibitsticker.com