**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYED AHMAD** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:23-0754** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

---

**DEFENDANT'S MOTION IN LIMINE**

---

TO THE HONORABLE COURT:

**STATE FARM LLOYDS** (hereinafter, "State Farm" or "Defendant") respectfully moves the Court for an Order *in Limine* restricting the Plaintiff ("Plaintiff"), his counsel and the witnesses from introducing, mentioning, or in any way referring to certain matters in the presence of the Jury during any phase of this lawsuit, including *voir dire* and jury arguments, without first approaching the Court outside the presence of the Jury for a ruling as to the admissibility of any evidence related to or referring to the subjects set forth below.

The matters described below are not admissible into evidence for any purpose and have no bearing on the issues or the rights of the Parties in this case. Even if it can be shown that a matter described may be relevant to a fact of consequence in this case, any probative value is far outweighed by the unfair prejudice, confusion, and delay that would result from allowing its admission into evidence. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would unfairly prejudice the jury. Sustaining objections to such questions, statements, or evidence will not prevent prejudice, but will reinforce the development of questionable and inadmissible evidence.

**EXHIBIT E**

Defendant thus respectfully requests that the Court exclude any mention of the following matters at any phase of this lawsuit in the presence of the Jury without first establishing outside of the presence of the Jury the necessary evidentiary predicates and bases for the discussion or admission of such matters.

**I.**

1. Any reference that Plaintiff was unable to pay for repairs as this is not alleged nor has evidence been produced. Tex. R. Evid. 401, 402, 403.

   SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

2. Any testimony, comment, or argument that Plaintiff is entitled to damages other than damages resulting from the storm which allegedly occurred on November 28, 2020, and the specific alleged damages identified in Plaintiffs' discovery responses, or the reports submitted by Plaintiffs' expert witnesses. Fed. R. Evid. 401, 402, 403.

   SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

3. Any documents produced by State Farm in an unrelated lawsuit and any reference to such lawsuits because other claims or other lawsuits have no relevance to the claims and issues in this case and would be prejudicial to State Farm. Therefore, any such documents must be excluded from evidence as should any mention of any other lawsuit. See *In re National Lloyds Ins. Co.*, 449 S.W.3d 486, 489 (Tex. 2014).

   SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

4. Any reference to State Farm's handling of other insurance claims or allegations about State Farm that were made in connection with any other claim or case because other claims or other lawsuits have no relevance to the claims and issues in this case and would be prejudicial to State Farm. *See In re National Lloyds Ins. Co.*, 449 S.W.3d 486, 489 (Tex. 2014).

   SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

5. Any testimony, comment, or argument that the Wilson Law Firm has uncovered insurance fraud or other actionable wrongful conduct as a result of filing numerous lawsuits against insurance companies. Fed. R. Evid. 401, 402, 403.

   SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

6. Any comment, evidence, testimony or argument by counsel that State Farm did not treat Plaintiffs "like a good neighbor," or regarding any slogans or statements used by State Farm in advertising because such are not actionable representations and Plaintiffs have not alleged that Plaintiffs relied upon such representations. *Hogue v. United Olympic Life Ins. Co.*, 39 F.3d 98, 101 (5th Cir. 1994) cert. denied, 115 S.Ct. 2248 (1995) (interpreting Texas law, the court

**EXHIBIT E**

held content of letters sent to persuade Plaintiffs to take out insurance was "puffery," and not actionable).

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

7. Any question or statement that would require the witness to draw a legal conclusion, including any testimony concerning Plaintiffs' interpretation of the insurance policies which may be introduced in this case since the contract's interpretation is a matter of law for the Court. *Withrow v. Shaw*, 709 S.W.2d 759 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.). Plaintiffs have designated no witness on these legal issues nor would it be proper for Plaintiffs to usurp the Court's role of determining the law.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

8. Any reference or testimony concerning premiums paid by Plaintiffs to State Farm. This information is irrelevant. There is no dispute that the policy was in effect on the date of loss.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

9. Any evidence, testimony, or argument referring to any Texas Department of Insurance complaints or other complaints against State Farm, any other State Farm company, or any of its employees on any case. There was no TDI complaint made by Plaintiffs. Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

10. Any mention that State Farm's employees had an economic incentive to wrongfully deny a claim. *Niver v. Travelers Indemnity Co. of Illinois*, 433 F. Supp. 2d 968 (N.D. Iowa 2006). Such evidence is not relevant, and the allegation is not plead. Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

11. Any testimony regarding fees incurred or paid by State Farm for legal work in defending this case as such are patently irrelevant. *MCI Telecommunications Corp. v. Crowley,* 899 S.W.2d 399, 403 (Tex. App.—Fort Worth 1995, orig. proceeding); *In re Texas Mut. Ins. Co.*, 358 S.W.3d 869, 872 (Tex. App.—Dallas 2012, orig. proceeding). Unless such evidence is provided to determine the amount of a setoff pursuant to FRCP 68.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

12. Any reference to the financial condition, wealth, or size of State Farm or the ability of the State Farm to pay a judgment. Tex. R. Evid. 411. Any attempt to compare the wealth of the parties would be inappropriate. *Carter v. Exxon Corp*., 842 S.W.2d 393, 399 (Tex. App.—Eastland 1992, writ denied)(testimony concerning the wealth of the parties is inadmissible because it is irrelevant and prejudicial), citing *Cooke v. Dykstra*, 800 S.W.2d 556, 562 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Block v. Waters*, 564 S.W.2d 113, 115 (Tex. Civ. App.—Beaumont 1978, no writ)); Fed. R. Evid. 402 (evidence which is not relevant is inadmissible); Fed. R. Evid. 403 (irrelevant and its probative value is substantially outweighed by the danger

of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay).

Furthermore, any mention, or inference thereof, would be extremely harmful to Defendant in that it has little or no probative value, or if any probative value exists, the probative value is substantially outweighed by the danger that it will: (1) unduly and unfairly prejudice the jury; (2) mislead, confuse, or distract the jury; and/or (3) raise collateral or irrelevant issues. Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

13. From suggesting, implying or stating that State Farm hires "big law firms" to defeat policyholder claims or has in any way "teamed up" or "ganged up" on Plaintiffs by having large numbers of lawyers involved in the defense of this case. This includes references or inferences regarding Defendant's attorneys, including the number of lawyers, sizes of firms, and number of locations of their offices. Plaintiffs' legal team is well experienced with insurance litigation and any suggestion that Plaintiffs are at a disadvantage because of the relative number of lawyers or size of the firms involved is not only misleading, but is irrelevant and highly prejudicial. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 457-458 & n. 23 (Tex. 1993); *Prudential Fire Ins. Co. v. United Gas Corp.*, 199 S.W.2d 767, 771-772 (Tex. 1946); *Twin City Fire Ins. Co. v. King*, 510 S.W.2d 370, 375 (Tex. App.—Houston 1974, writ ref'd n.r.e.). Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

14. Questions or evidence tending to make or representing the attorney as a witness or expert in the case, including questions based on the attorney's own experience in dealing with State Farm, or an attorney's client's past dealings with State Farm on any given claim, appraisal, or other situation. This does not include testimony as to attorney's fees specific to this case. Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

15. Questions to or evidence from a witness or expert in the case based on the witness's conversations, interactions, or experience with any State Farm employee, adjuster, or independent adjuster on any other claim, inspection of another property, appraisal, or other situation not related to the claim in question.

SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

16. Any testimony by Plaintiffs' experts concerning duties that Chapters 541 and 542 of the Texas Insurance Code place on an insurer as no such opinions have been disclosed.

SUSTAINED _________ OVERRULED ___________ MODIFIED AS SHOWN ________

17. Any attempt to call or question a corporate representative of State Farm. The Rules hold that to even *depose* a corporate representative a party must describe with "reasonable particularity" the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6). Plaintiffs have not

attempted to depose State Farm's corporate representative or provide any description of the requested testimony. Calling State Farm's corporate representative to testify at trial would be a flagrant abuse of the Rules, irrelevant, harassing, and highly prejudicial. Fed. R. Evid. 401, 402, 403..

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

18. Any mention of the probable testimony of a witness who is absent, unavailable, not called to testify in this cause, or not allowed, in any manner, to testify in this cause.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

19. Questions to or evidence from a witness or expert in the case based on the witness's own experience in dealing with State Farm or another claimant's past dealings with State Farm on any given claim, appraisal, or other situation. Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

20. Any testimony, argument, or evidence regarding a November 16, 2009 Order of the Texas Insurance Commissioner requiring State Farm to refund policyholders alleged premium overcharges. Fed. R. Evid. 401, 402, 403.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

21. Any testimony by Plaintiffs advising of statements made by a public adjuster or roofing contractor as any such statements would constitute hearsay.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

22. Any testimony or photographs of other homes or roofs in the neighborhood as such are not relevant and there is no foundation or basis for testimony that implies that Plaintiffs' roof must be damaged because another house in the neighborhood has a "new" roof.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

23. Any testimony by Glenn Ruston or Plaintiff pertaining to discussions Ruston had with State Farm employees or representatives during the time frame that Ruston was handling claims for State Farm (or at any other time if not related to the claim at issue) and/or his reasons for becoming a public adjuster as the anticipated testimony is hearsay, not relevant, took place almost 10 years ago, and is prejudicial.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

24. Any testimony or evidence by Plaintiffs' experts regarding an opinion as to Replacement Cost Value (RCV) as the Policy only provides for Actual Cash Value (ACV) if the repairs are not made within two years of the date of loss.

SUSTAINED _________ OVERRULED __________ MODIFIED AS SHOWN ________

**EXHIBIT E**

25. Any testimony or evidence that Plaintiff has now replaced their roof as no such evidence has been disclosed in discovery.

SUSTAINED ___________ OVERRULED __________ MODIFIED AS SHOWN ________

## II.
## PRAYER

Defendant State Farm therefore respectfully prays that the Court enter an order which holds:

1. That the matters enumerated above in Section I of this Motion are not admissible evidence in this case and are therefore excluded from evidence;

2. That counsel for the Plaintiff is prohibited from offering any evidence relating to any matter described in Section I of this Motion in the presence of the jury and is to further refrain from making any reference or comment regarding such matter, directly or indirectly, before the jury panel on *voir dire* and before the trial jury through examining or cross-examining witnesses, offering documentary evidence, making closing argument, or otherwise; and

3. That counsel for the Plaintiff shall instruct all witnesses they intend to call to refrain from any comment, mention, or reference to, directly or indirectly, in any manner whatsoever, any of the matters set forth in this Motion; and to inform such witnesses of the consequences of violating the Court's order.

**EXHIBIT E**

Respectfully submitted,

**GERMER PLLC**

By: ______________________________

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**ATTORNEY FOR DEFENDANT, STATE FARM LLOYDS**

**OF COUNSEL:**

**GEMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rcrutchfield@germer.com

**EXHIBIT E**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 2nd of July, 2024.

Chad T. Wilson
Donald C. Green II
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
dgreen@cwilsonlaw.com

**VIA CM/ECF**

Rett Holidy

**DALE M. "RETT" HOLIDY**

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SYED AHMAD** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:23-0754** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## DEFENDANT'S MOTION IN LIMINE

On this day, the Court ruled as follows on Defendant's Motion in Limine:

1. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
2. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
3. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
4. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
5. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
6. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
7. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
8. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
9. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
10. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
11. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
12. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
13. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
14. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
15. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________
16. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

**EXHIBIT E**

17. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

18. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

19. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

20. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

21. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

22. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

23. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

24. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

25. SUSTAINED __________ OVERRULED ___________ MODIFIED AS SHOWN _________

Signed this ________ day of ______________________, 2024.

_________________________________

JUDGE PRESIDING